# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RUIZ; and NORMA RUIZ,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br><br>NDEX; and AMERICA'S SERVICING CO. THE JOHN STUMPF,<br><br>　　　　　　　　　　Defendants. | CASE NO. 12-CV-547 - IEG (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>[Doc. No. 2]<br><br>**(2) *SUA SPONTE* DISMISSING COMPLAINT**<br><br>[Doc. No. 1] |

　　　Plaintiffs Carlos Ruiz and Norma Ruiz ("Plaintiffs") commenced this action on March 5, 2012 against Defendants NdeX and America's Service Co. The John Stumpf ("Defendants"). [Doc. No. 1.] Along with their complaint, Plaintiffs submitted a motion to proceed *in forma pauperis*. [Doc. Nos. 2.] Having considered Plaintiffs' submissions, the Court **GRANTS** Plaintiffs leave to proceed *in forma pauperis*, but **DISMISSES WITHOUT PREJUDICE** Plaintiffs' complaint.

## DISCUSSION

**I.　MOTION TO PROCEED *IN FORMA PAUPERIS***

　　　All parties instituting any civil action, suit, or proceeding in a district court, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a).

1  However, an action may proceed despite failure to pay the filing fee if the party is granted an *in forma*
2  *pauperis* ("IFP") status. See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The Court may
3  grant IFP status to any party who demonstrates that he or she is unable to pay such fees or give
4  security therefor. 28 U.S.C. § 1915(a).

5  In the present case, having reviewed Plaintiffs' motion and declaration in support of the motion,
6  the Court finds that Plaintiffs have made a sufficient showing of inability to pay the required filing fees.
7  See Rodriguez, 169 F.3d at 1177. Accordingly, good cause appearing, the Court **GRANTS** Plaintiffs
8  leave to proceed *in forma pauperis*.

9  **II.  INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

10  **A.  Legal Standards**

11  After granting IFP status, the Court must dismiss the case if the complaint "fails to state a claim
12  on which relief may be granted" or is "frivolous." 28 U.S.C. § 1915(e)(2)(B); see also Lopez v. Smith,
13  203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits
14  but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).
15  In order to properly state a claim for relief, "a complaint must contain sufficient factual matter,
16  accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,–U.S.–, 129
17  S. Ct. 1937, 1949 (2009). A complaint must contain more than a "labels and conclusions" or a
18  "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient
19  to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
20  555 (2007). "'The pleading must contain something more . . . than . . . a statement of facts that merely
21  creates a suspicion [of] a legally cognizable right of action.'" Id.

22  As currently pleaded, Plaintiffs' complaint fails to state a cognizable claim against the
23  Defendants. Plaintiffs' complaint consists of a single sentence: "Plaintiff alleges: this complaint to
24  Wrongfull [*sic*] Foreclosure." [See Compl.] This statement only names the legal claim Plaintiffs are
25  asserting. However, Plaintiffs provide absolutely no factual allegations in support of that claim. Even
26  affording Plaintiffs' complaint the special consideration given to *pro se* claimants, their allegations fail
27  to present facts sufficient to support a cognizable legal claim against the Defendants. Although the
28  Court must assume Plaintiffs can prove the facts they allege in the complaint, the Court may not

1  "supply essential elements of the claim that were not initially pled." <u>Ivey v. Bd. of Regents of the</u>
2  <u>Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).  Accordingly, the Court **DISMISSES WITHOUT**
3  **PREJUDICE** Plaintiffs' complaint for failure to state a claim upon which relief can be granted.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a), but **DISMISSES WITHOUT PREJUDICE** Plaintiffs' complaint for failure to state a claim upon which relief can be granted.

Plaintiffs are **GRANTED** thirty (30) days from the date this Order is filed to file a First Amended Complaint addressing the deficiencies of the pleading set forth above.  Plaintiffs are cautioned their First Amended Complaint must be complete in itself, without relying on references to the original Complaint.  Plaintiffs are further cautioned any defendant not named or claim not re-alleged will be considered waived.  See <u>King v. Attiyeh</u>, 814 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED.**

**DATED:** March 20, 2012

*[signature]*

**IRMA E. GONZALEZ**
**United States District Judge**